IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher A. Vaughn,<br><br>                Petitioner,<br><br>v.<br><br>Warden of Northside<br>Correctional Institution,<br><br>                Respondent. | Civil Action No.8:07-357-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry #10) and the petitioner's motions for a hearing (Docket Entry #15), to amend (Docket Entry #16), for judgment on the pleadings (Docket Entry #18), and for emergency injunctive relief (Docket Entry # 25).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on February 5, 2007. On April 9, 2007, the respondent moved for summary judgment. By order filed April 10, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 21, 2007, the petitioner filed a response. On May 29, 2007, the petitioner also filed his own motion for judgment on the pleadings.

## PROCEDURAL FACTS

The petitioner is currently a state prisoner housed in the Tyger River Correctional Institution. (Docket Entry # 24.) In June 1998, the Greenville County Grand Jury indicted the petitioner for distribution of crack cocaine, third offense. (PCR App. 104; 152.) In

August 1999, the petitioner, who was represented by attorney Gregory Lance Morris, was tried before a jury and on August 10, 1999, he was convicted as charged. The Honorable Larry Patterson sentenced the petitioner to sixteen years imprisonment. (*Id.*) The petitioner did not file a direct appeal. On October 10, 1999, the petitioner pled guilty to trafficking cocaine, first offense, and he was sentenced to ten years to run concurrently to his sixteen year sentence. (PCR App. 151.)

On June 6, 2000, the petitioner filed an application for post-conviction relief ("PCR"), in which he alleged the following grounds for relief:

1. Ineffective assistance of counsel;
2. Prejudicial error on behalf of prosecution and/or court;
3. Unlawful and invalid indictment

(PCR App. 85.) On June 26, 2000, the petitioner amended his PCR application to include the following additional grounds for relief:

1. Unlawful indictment (on its face);
2. Unlawful arrest and/or false imprisonment
3. Court lacked subject matter jurisdiction on narcotics conviction

(PCR Am. App. 110.) On November 22, 2000, he the petitioner filed another amended PCR application raising the following grounds for relief:

1. Violation of due process
2. Involuntary plea of guilt
3. Ineffective assistance of counsel

(PCR 2nd Am. App. 1-3.) On June 11, 2001, the petitioner filed a third amended PCR application in which he raised the following issues:

1. That his conviction and sentence was obtained unlawfully in violation of his sixth amendment right tot he effective assistance of counsel.

2. That his conviction and sentence was obtained unlawfully in violation of his fifth and fourteenth amendment right to due process of law.

(PCR 3rd Am. App. 1.)  On October 29, 2002, a PCR hearing was held before the Honorable John C. Few and the petitioner was represented by attorney Ralph Gleaton. (PCR App. 120.)  On August 31, 2002, Judge Few filed an order finding no grounds for relief but the order did not set forth specific findings of fact.  (Resp't's Return Ex. 9.)  On November 22, 2002, the plaintiff filed a notice of appeal.  (Resp't's Return Ex. 10.)  On August 27, 2003, the South Carolina Supreme Curt granted the petitioner's motion to remand the case for a final order and the Remittitur was sent down on September 12, 2003. (*Id.* Ex. 12.)

On January 21, 2004, the petitioner then filed a pro se Amended Application for PCR.  (Resp't's Return Ex. 14.)  On February 13, 2004, Judge Patterson informed the petitioner that the case had only been remanded by the state supreme court for issuance of a final order and any attempts to raise new issues were untimely. (*Id.* Ex. 16.)

The petitioner then wrote a letter to the South Carolina Supreme Court complaining that a final order had not been filed. (*Id.* Ex. 17.)  On July 26, 2004, the Attorney General's Office responded to the petitioner's letter and stated that a proposed final order had been submitted to Judge Few.  (*Id.*)  On August 4, 2004, the South Carolina Supreme Court dismissed the petitioner's complaint based on *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991), concluding that "no extraordinary reason exists to entertain [the matter] in the court's original jurisdiction."  (Resp't's Return Ex. 18.)

On August 9, 2004, Judge Few entered a final order dismissing the petitioner's PCR application. (PCR App. 143-149.)  Specifically, Judge Few rejected the petitioner's claims of ineffective assistance of counsel, found the petitioner was not entitled to a belated appeal, and found that any claims related to the petitioner's separate guilty plea in October 1999 were barred by the statute of limitations.  The petitioner filed a pro se Notice of Appeal with the South Carolina Supreme Court.  (Ex. 19.)  Robert M. Pachak, of the South Carolina Office of Appellate Defense, was appointed to represent the petitioner during the

3

PCR appeal. On February 7, 2005, Pachak filed a Petition for Writ of Certiorari, in which he raised the following issue on behalf of the petitioner: Whether petitioner knowingly and intelligently waived his right to appeal his jury trial conviction? (*Id.* Ex. 20.) He also asserted the following direct appeal issue on behalf of the petitioner: Whether the trial court erred in refusing to grant a directed verdict?

On December 20, 2005, the petitioner's PCR appeal was transferred to the South Carolina Court of Appeals. (*Id.* Ex. 22.) On March 13, 2006, the Court of Appeals issued an opinion in which it found the petitioner was entitled to a belated direct appeal, but the court then dismissed the appeal finding the directed verdict issue had no merit. *Vaughn v. State*, Unpub. Op. No. 2006-UP-153 (S.C. Ct. App. filed March 13, 2006). (*Id.* Ex. 23.) The Remittitur was sent down on March 29, 2006. *(Id*. Ex. 24.)

On May 2, 2006, the petitioner filed another pro se application for PCR in which the petitioner raised the following grounds:

> 1. Counsel was ineffective for fail[ing] to object to chemist testimony and admission of evidence;
> 2. Counsel was ineffective for failing to object to admission of audio tape;
> 3. Court erred by amending applicant's sentencing sheet.

(Resp't's Return Ex. 25.) On July 14, 2006, the Honorable G. Edward Welmaker dismissing the petitioner's PCR application finding it untimely and successive. (*Id.* Ex. 27.)

On July 13, 2006, the petitioner filed an "Objection to Respondent's Conditional Order of Dismissal and Return and Motion to Dismiss" and on July 24, 2006, he filed an "Amended Objection to Respondent's Conditional Order of Dismissal and Return and Motion to Dismiss." *(Id.* Exs. 28 and 29.) On July 25, 2006, Judge Welmaker issued an order in which he treated the petitioner's objections as a motion for reconsideration pursuant to Rule 59(e), SCRCP, and denied them. August 8, 2006, Judge Welmaker issued another order in which he denied the petitioner's amended objections to the conditional order. (*Id.* Ex. 31.)

On September 14, 2006, Judge Welmaker filed a final order dismissing the petitioner's second PCR finding it untimely and successive. (Resp't's Return Ex. 33.) Further, Judge Welmaker found that the petitioner did not raise any valid subject matter jurisdiction issues or issue of after-discovered evidence that would allow him to escape the procedural impediments. On September 19, 2006, the petitioner filed a motion for a rehearing pursuant to Rule 60(b), SCRCP. (*Id.* Ex. 34.)

On October 6, 2006, Judge Welmaker denied the petitioner's motion for rehearing and the petitioner filed a notice of appeal. (*Id.*) On October 27, 2006, the South Carolina Supreme Court advised the petitioner that if he did not provide a copy of the conditional order within ten days, the petitioner's appeal would be dismissed. (*Id.* Ex. 36.) On November 8, 2006, the South Carolina Supreme Court dismissed the appeal because the petitioner had not provided a copy of the order. (*Id.* Ex. 37.) The Remittitur was sent down on November 29, 2006. (*Id.* Ex. 38.)

The petitioner filed this habeas action on February 5, 2007, alleging the following:

**Ground One:** Violation of fourteenth amendment right to due process.
**Supporting Facts:** The State of South Carolina has failed to comply with the mandate of law as in the following context. United States Amendment fourteen, South Carolina Const. Article 1 section 2, Article 1 section 3, Article 1 section 8, Article section 11 and S.C. Rule of criminal procedure Rule 3 states failure to comply with the above, thus deprived this U.S. citizen of due process of law.

**Ground Two:** Deprivation of Due Process, lack of subject matter jurisdiction.
**Supporting Facts:** The court improperly amended a court order (sentencing sheet).

**Ground Three:** Deprivation of Due Process, lack of subject matter jurisdiction.
**Supporting Facts:** Petitioner was convicted for a charge not contained in the indictment, in violation of his fourteenth amendment right to due process.

**Ground Four:** Fourteenth Amendment claim, deprivation of due process, fraud on the "court", subject matter jurisdiction.
**Supporting Facts:** The State's expert witness knowingly procured Petitioners conviction through malicious, false and unsubstantiated testimony, and unverifiable evidence.

5

> **Ground Five:** Factual innocence.
> **Supporting Facts:** There is no valid determination of the corpus delicti in this case. This issue has been raised. This is in violation of the Fourteenth Amendment of the U.S. Constitution.
>
> **Ground Six:** Indictment does not state a crime.
> **Supporting Facts:** The Mens Rea Nor Actus Reas is present in the indictment in question. The Fourteenth Amendment due process requirement of notice is wholly (sic) absent.

(Pet. 6-11; 14a.) The respondent filed a motion for summary judgment on the grounds that this habeas action is barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and fails on the merits. The petitioner has also filed motions for a hearing (Docket Entry # 15), judgment on the pleadings (Docket Entry #18), and emergency injunctive relief (Docket #25).

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the

movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### Statute of Limitations

The respondent asserts that this habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 196 F.3d 557, 561 (4th Cir. 1999). However, a State PCR proceeding must be "properly filed" for the statutory tolling provisions of § 2244(d)(2) to apply. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and

'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(*quoting Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

On August 10, 1999, the petitioner was convicted of distribution of crack cocaine, third offense. He did not file a direct appeal from this conviction. Therefore, his conviction and sentence became final when the ten-day time period permitted for filing a direct appeal in the case expired on August 20, 1999.[1] The petitioner filed his first PCR application on June 6, 2000. At that time, 288 days had elapsed leaving the petitioner 77 days to file for habeas relief.

The petitioner's PCR was finally adjudicated on March 13, 2006, when the Court of Appeals issued an opinion in which it found the petitioner was entitled to a belated direct appeal and simultaneously dismissed the appeal finding the directed verdict issue had no merit. *Vaughn v. State*, No. 2006-UP-153 (S.C. Ct. App. filed March 13, 2006). The Remittitur was sent down on March 29, 2006.

The petitioner's second PCR application was dismissed as untimely and successive and thus it did not toll the limitations period. "When a post-conviction petition is untimely under state law, it is not considered "properly filed" and 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005)(quoting *Carey v. Saffold*, 536 U.S. 214, 236 (2002)).

However, even giving the petitioner the benefit of the doubt and assuming the petitioner's time was tolled during the pendency of his second PCR, the court finds this habeas action is still untimely. The petitioner filed a second PCR application on May 2,

---

[1] In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant an in the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file his claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330.

9

2006. Thus, between the petitioner's dismissal of his first PCR application on March 29, 2006, and the filing of his second one, 33 days elapsed, leaving the petitioner 44 days to file for habeas relief. On November 8, 2006, the South Carolina Supreme Court dismissed the appeal because the petitioner had not provided a copy of the order. The Remittitur was sent down on November 29, 2006, and the petitioner had 44 days from then to file for habeas relief. However, the petitioner filed this habeas action on February 5, 2007, after 67 days had elapsed. Thus, this habeas petition is untimely.

The petitioner contends that his one year to file for PCR began after the remittitur was sent down following the filing South Carolina Court of Appeals' opinion on his belated appeal on March 29, 2006. In *Frasch v. Peguese*, 414 F.3d 518 (4th Cir. 2005), the Court held that for purposes of § 2254's statute of limitations, a Maryland state prisoner's belated appeal was part of the prisoner's direct review of his case, rather than a collateral attack, despite the fact the belated appeal was granted pursuant to a state post-conviction review motion. *Id*. at 522. *Frasch* is distinguishable however, because it interpreted Maryland law, not South Carolina law.[2] In any event, the undersigned alternatively concludes that this habeas petition also fails on the merits.

**Merits**

Initially, the undersigned notes that the petitioner specifically "submits the bulk of these issues [raised in] Ground[s] 1, 2, 3, 4, 5, and 6 are all questions of a Jurisdictional nature." (Pet'r's Mem. Opp. Summ. J. at 5.) Subject matter jurisdiction is purely a state law issue which is not cognizable in federal habeas corpus. *Wright v. Angelone*, 151 F.d 151 (4th Cir. 1998) (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on

---

[2]The Fourth Circuit has treated the classification as a question of state law. *Frasch*, 414 F.3d at 522. The Court concluded that in determining whether a particular state procedure constitutes part of the direct review process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure.

interpretation of state law, unless result is complete miscarriage of justice). The court will address each ground as raised in the petition. However, the court does not believe there has been a complete miscarriage of justice.

**Ground One**

In Ground One, the petitioner states he is raising an issue of subject matter jurisdiction. (Pet'r's Mem. Opp. Summ. J. at 8.) He contends his due process rights were violated because "defective and incompetent indictments(s), renders the trial and conviction illegal and voidable. . ." (*Id.* at 9.)

First, the respondent asserts this claim is procedurally barred from federal habeas review due to the petitioner's failure to timely present the claim in state court. The court agrees. To exhaust state remedies, a habeas petitioner must present the substance of his claims to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Claims not presented to a state's highest court may be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law if the petitioner attempted to raise them now. *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996). However, a claim is procedurally barred from federal habeas review if the state court to which the petitioner would be required to present the claim would now find it procedurally defaulted. *Williams v. Taylor*, 163 F.3d 860, 872 (4th Cir. 1998) (*quoting Coleman v. Thompson*, 501 U.S. 722 (1991)).

To be preserved, this claim must have been raised to the state supreme court on direct appeal because the petitioner does not argue trial counsel was ineffective; rather he contends the indictment was defective. *Drayton v. Evatt*, 430 S.E.2d 517 (S.C. 1993) (holding issues that could have been raised at trial or on direct appeal can not be raised in a PCR application absent a claim of ineffective assistance of counsel). However, the petitioner did not present this issue to the state's highest court on his belated direct appeal. Therefore, he is procedurally barred from raising the issue in this federal habeas action.

11

*Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

As to the merits, a defective or insufficient indictment does not raise an issue of subject matter jurisdiction which could be raised at any time. *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005). Recently, in *Edwards v. State*, 642 S.E.2d 738 (S.C. 2007), the South Carolina Supreme Court distinguished subject matter jurisdiction from an allegation raising an insufficient indictment. Quoting *Gentry*, the court noted that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong" and issues related to subject matter jurisdiction may be raised at any time. *Id.* at 740 (internal citations and quotations omitted). In contrast, the Court note that "an indictment is a notice document. The primary purposes of an indictment are to put the defendant on notice of what he is called upon to answer, i.e., to apprise him of the elements of the offense and to allow him to decide whether to plead guilty or stand trial, and to enable the circuit court to know what judgment to pronounce if the defendant is convicted." *Id*. A defendant must challenge the sufficiency of an indictment before the jury is sworn. The petitioner's issue related to the sufficiency of the indictments do not raise an issue of subject matter jurisdiction. The state trial court had subject matter jurisdiction to try the petitioner. *Gentry*, 610 S.E.2d at 499. Accordingly, this claim should be dismissed.

**Ground Two**

In Ground Two, the petitioner alleges he was deprived of his due process rights and the court lacked subject matter jurisdiction. First, the respondent contends the petitioner is procedurally barred from raising this issue in this habeas action because the petitioner failed to timely present the claim in state court. The court agrees. The petitioner attempted to raise this issue in his second amended PCR application when he asserted that the trial

court lacked jurisdiction to sentence him as a third offender. However, the petitioner's second amended PCR application was dismissed by the trial court as untimely. Therefore, the petitioner did not properly present this claim to the state's highest court, and the state courts would find any attempt to raise the claim now to be procedurally improper. *Coleman*, 501 U.S. 722; *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005). Accordingly, this claim is procedurally barred from review in federal habeas corpus. *Coleman*, 501 U.S. 722. Further, as noted above, a defective or insufficient indictment does not raised an issue of subject matter jurisdiction which can be raised at any time. *Gentry,* 610 S.E.2d 494.

The respondent also contends that this issue fails on the merits. As noted above, subject matter jurisdiction is purely a state law issue which is not cognizable in federal habeas corpus. *Wright v. Angelone*, 151 F.d 151 (4th Cir. 1998) (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result is complete miscarriage of justice). Furthermore, deficiencies in state court indictments are generally not a basis for habeas relief unless they made trial so egregiously unfair as to deny due process. *Ashford v. Edwards,* 780 F.2d 405 (4th Cir. 1985). Here, the indictment set forth the elements of the offense and referred to the appropriate state statutes. There is no indication of any egregiously unfair process. Accordingly, this claim should be dismissed.

In support of Ground Two in his memorandum opposing summary judgment and in his motion for emergency injunctive relief, the petitioner alleges that state circuit court Judge Edward Miller signed an order on January 8, 2004, which improperly amended his sentence. (Pet'r's Mem. Opp. Summ. J. Mot. at 18; Mot. for Injunctive Relief at 2.) In the order, Judge Miller corrects an error in the coding relating to the charge of which the petitioner was convicted. (Docket Entry #16 Ex.) The petitioner contends the amendment stripped him of his parole eligibility and good time credits and added five years to his

sentence. He contends that originally he was eligible for parole on August 9, 2003, with a max-out date of April 10, 2009. (Pet'r's Mem. Opp. Summ. J. Mot. at 18; Mot. for Injunctive Relief at 2.)

However, at his PCR hearing, the petitioner testified that after he pled guilty on October 10, 1999, to trafficking cocaine, he was informed almost immediately that he was parole ineligible. (PCR App. 128-129; 133-134; 140.) It appears that the petitioner's parole eligibility and ability to earn good time credits were not affected by Judge Miller's order correcting a clerical mistake. Rather the petitioner's parole eligibility and ability to earn good time credits were affected by his guilty plea entered after his conviction and sentencing for crack distribution. Accordingly, this issue is without merit and should be dismissed and the petitioner's motion for an emergency injunctive relief on the same ground should also be denied.

**Ground Three**

In Ground Three, the petitioner alleges a lack of subject matter jurisdiction and a due process violation because he was allegedly convicted of a charge not contained in the indictment. It appears in this ground that the petitioner is alleging that the indictment was insufficient. (Pet'r's Mem. Opp. Summ. J. Mot. at 36.) He contends the indictment improperly referred to S.C. Code Ann. § 44-53-110 rather than S.C. Code Ann. § 44-53-370. (*Id.*)[3] First, the respondent contends the petitioner is procedurally barred from raising this issue in this habeas action because the petitioner failed to timely present the claim in state court. The court agrees. The petitioner did not properly present this claim to the state's highest court, and the state courts would find any attempt to raise the claim now to be procedurally improper. Accordingly, this claim is procedurally barred from review in

---

[3]In this ground, the petitioner also contends that the State's expert was not qualified to analyze cocaine. (Pet'r's Mem. Opp. Summ. J. Mot. at 35.) This issue is discussed herein under Ground Four.

14

federal habeas corpus. *Coleman*, 501 U.S. 722. Additionally, the respondent contends this ground fails on the merits.

Furthermore, as noted above deficiencies in state court indictments are generally not a basis for habeas relief unless they made trial so egregiously unfair as to deny due process. *Ashford,* 780 F.2d 405. Here, the indictment specifically referred to "§ 44-53-110 et.seq." which includes § 44-53-370. Thus, the petitioner's argument is without merit. Further, there is no indication of any egregiously unfair process. Accordingly, this claim should be dismissed.

**Ground Four**

In Ground Four, the petitioner contends his conviction was procured through malicious, false, and unsubstantiated testimony. The respondent contends this issue is procedurally barred from federal habeas review. The court agrees. In his second amended PCR application, the petitioner attempted to raise a similar issue when he alleged that trial counsel was ineffective for failing to object to admission of the drugs because there was allegedly no analysis of them conducted as required by Rule 6, SCRCrimP. However, the petitioner did not raise the issue that there was "malicious, false and unsubstantiated testimony" and thus this issue was never ruled on. Further, the petitioner's second amended PCR application was dismissed as untimely. Because the petitioner did not properly raise this claim to the state's highest court and the state courts would find any attempt to raise the claim now to be procedurally barred, this claim is procedurally barred from review in federal habeas corpus. *Coleman*, 501 U.S. 722. In any event, the petitioner's claim also fails on the merits.

The petitioner contends that the State's expert at trial, James Armstrong, was not authorized to analyze a substance to determine if it was crack cocaine. In his Rule 60(b) Motion for Rehearing in his amended PCR application, the petitioner asserted the issue as one raising a subject matter jurisdiction issue. The petitioner attached a letter from South Carolina Law Enforcement Division ("SLED") dated January 31, 2006, in which SLED

15

responded that its records reflected that Armstrong was qualified by SLED to test for only marijuana, but that the petitioner should check with the Greenville County Drug Laboratory "for any additional certification records." (Pet'r's Mem. Opp. Summ. J. Mot. Ex. B.) At trial, Armstrong, a member of the Greenville County Department of Community Services Forensic Crime Laboratory, testified without any objection that the substance recovered was crack cocaine. (PCR App. 57-60.) The petitioner has not presented any evidence that Armstrong's analysis was improper. The letter from SLED is not evidence that Armstrong was not qualified in the area of crack cocaine analysis. It merely states that SLED had not certified Armstrong and does not address whether Armstrong was certified by another law enforcement. The petitioner claims regarding the certification of Armstrong are purely speculative and should be dismissed. Accordingly, this claim should be dismissed.

**Ground Five**

In Ground Five, the petitioner contends he is factually innocent because "[t]here is no valid determination of the corpus delicti in this case." First, respondent contends that this claim is procedurally barred. The court agrees. This issue was never raised to the state courts on direct review. Additionally, the petitioner's second PCR application was dismissed by the trial court as untimely, and the petitioner's appeal of this dismissal was dismissed by the state supreme court for a the petitioner's failure to perfecting the appeal. Accordingly, the state courts would find any attempt to raise this claim now procedurally improper and thus this claim is procedurally barred from federal habeas review. *Coleman*, 501 U.S. 722. In any event, this issue also fails on the merits.

A claim of actual innocence based on newly discovered evidence is not a viable claim in federal habeas corpus absent an independent constitutional violation occurring in the course of the state court trial. *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Claims of actual innocence, whether presented as freestanding ones or a reason to excuse a procedural default should not be granted casually. The claim "must be based on reliable evidence not presented at trial." *Calderon*, 118 S.Ct. at 1503. A reviewing court may grant

16

relief only where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Unsubstantiated allegations about the qualifications of the state's expert witness do not meet this high standard.  Accordingly, this claim should be dismissed.

**Ground Six**

In Ground Six, the petitioner contends that the indictment does not state a crime as it lacks the element of mens rea, or criminal intent.  Further, the petitioner contends that the indictment was insufficient to provide proper notice, as it allegedly did not set forth the actus reus and the mens rea.  First, the respondent contends the claim is procedurally barred as the issue was not raised to the state court.[4]  The court agrees. Because the petitioner did not properly present this claim to the state's highest court in a procedurally viable manner when he had the opportunity, and the state courts would find any attempt to raise the claim now to be procedurally improper, then the claim is procedurally barred from review in federal habeas corpus.  *Coleman*, 501 U.S. 722.

In any event, this claim also fails on the merits.  Under the federal due process clause, a defendant has the right to notice of the specific charge against him.  However, again deficiencies in state court indictments are generally not a basis for habeas relief unless they made trial so egregiously unfair as to deny due process.  *Cole v. Arkansas*, 333 U.S. 196 (1948); *Ashford*, 780 F.2d 405.  The indictment set forth the elements of the offense and referred to the appropriate statutory scheme.  The indictment clearly alleged that the petitioner distributed crack cocaine to an individual on February 13, 1997.  There was never any complaint of lack of notice of the charges against him made at trial.  There is no indication of any egregiously unfair process. Accordingly, the issue is without merit and should be dismissed.

---

[4]The petitioner did raise the issue relating to mens rea in his Amended Objection to the Conditional Order in the his second amended PCR application.  However, he did not allege it in the context of any constitutional claim.

17

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (#10) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that, if the District Court adopts this recommendation, that the Petitioner's Motions for a Hearing (#15), to Amend (#16), for Judgment on the Pleadings (#18), and for Emergency Injunctive Relief (#25) be DENIED as moot.

IT IS SO RECOMMENDED.


                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

November 5, 2007
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).