IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher A. Vaughn, #260314,   )  | |
| ) | C/A No. 8:07-0357-MBS |
| Petitioner,   ) | |
| ) | |
| v.   ) | |
| ) | **O R D E R  A N D** |
| Warden Robert Mauney, Northside   ) | **O P I N I O N** |
| Correctional Institution,   ) | |
| ) | |
| Respondent.   ) | |
| _____) | |

Petitioner Christopher A. Vaughn is an inmate in the custody of the South Carolina Department of Corrections. He is currently incarcerated at the Manning Correctional Institution in Columbia, South Carolina. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the court on Respondent's motion for summary judgment filed April 9, 2007. By order filed April 10, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondent's motion for summary judgment on May 21, 2007.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On November 5, 2007, the Magistrate Judge filed a Report and Recommendation in which she recommended that the court grant Respondent's motion for summary judgment and dismiss the petition. Petitioner filed objections to the Report on November 28, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. PROCEDURAL HISTORY

The facts and procedural history of this case are detailed in the Magistrate Judge's report. Briefly, in August 1999, Petitioner was tried and convicted for distribution of crack cocaine, third offense. On August 10, 1999, The Honorable Larry R. Patterson sentenced Petitioner to sixteen years imprisonment. On November 10, 1999, Petitioner pleaded guilty to trafficking cocaine, first offense. The Honorable Joseph A. Wilson, II sentenced Petitioner to ten years imprisonment, to run concurrently with his sixteen year sentence. Petitioner did not file a direct appeal from either conviction.

On June 6, 2000, Petitioner filed his first application for post-conviction relief ("PCR"). On June 26, 2000, Petitioner amended his PCR application to include additional claims for relief. On November 22, 2000, Petitioner filed a second amended PCR application to include additional claims for relief. On June 11, 2001, Petitioner filed a third amended PCR application to include additional claims for relief. Petitioner also filed a petition for habeas corpus on July 22, 2002.

A PCR hearing was held on October 29, 2002. Petitioner waived all claims except as to ineffective assistance of counsel. Petitioner asserted, among other things, that trial counsel did not apprise him of his right to appeal. The same day, the PCR Judge issued a Form 4 handwritten order dismissing Petitioner's claims.

On November 22, 2002, Petitioner filed a notice of appeal. On July 25, 2003, Petitioner filed a motion to remand the case for entry of a full written order because the PCR Judge's order set forth no specific findings of fact or conclusions of law as required by S.C. Code Ann. § 17-27-80 and S.C. R. Civ. P. 52(a). On August 27, 2003, the South Carolina Supreme Court granted Petitioner's motion to remand the case for entry of a full written order.

On August 9, 2004, the PCR Judge entered a final order dismissing Petitioner's claims. The PCR Judge determined that Petitioner had failed to establish that he had received ineffective assistance of counsel at trial. The PCR Judge determined that Petitioner did not put forth any credible evidence that he asked trial counsel to file an appeal on his behalf. With respect to Petitioner's plea, the PCR Judge determined that his claims were barred by the one-year limitations period. See S.C. Code Ann. § 17-27-45(a). Petitioner filed a petition for writ of certiorari, raising the sole question as to whether he waived his right to appeal, and offering as an appeal issue the assertion that the trial judge erred in refusing to grant a directed verdict. On March 13, 2006, the South Carolina Court of Appeals issued an opinion granting certiorari and finding that Petitioner was entitled to a belated direct appeal. The court of Appeals dismissed Petitioner's direct appeal issue as without merit.

On May 2, 2006, Petitioner filed a second application for PCR. On July 14, 2006, the second PCR Judge issued a conditional order dismissing Petitioner's second PCR application as untimely and successive. On July 24, 2006, the second PCR Judge denied Petitioner's motion for reconsideration. A final order of dismissal was entered on September 14, 2006. On September 19, 2006, Petitioner filed a motion for rehearing. On October 6, 2006, the second PCR Judge denied Petitioner's motion for rehearing.

Petitioner thereafter filed a notice of appeal. On October 27, 2006, the South Carolina Supreme Court informed Petitioner that his appeal would be dismissed if he failed to provide a copy of the second PCR Judge's orders within ten days. Petitioner did not provide the court with a copy of the orders, and the South Carolina Supreme Court dismissed his appeal on November 8, 2006.

On February 5, 2007, Petitioner filed the within § 2254 petition, asserting the following grounds for relief: (1) "violation of fourteenth [sic] Amendment Right to due process" because "the State of South Carolina has failed to comply with the mandate of law"; (2) "deprivation of due process, lack of subject matter jurisdiction," because "the court improperly amended a court order (sentencing sheet)"; (3) "deprivation of due process, lack of subject matter jurisdiction," because "Petitioner was convicted for [sic] a charge not contained in the indictment"; (4) "Fourteenth Amendment claim, deprivation of due process, Fraud on the 'court,' subject matter jurisdiction" because "the states [sic] expert witness knownly [sic] procured Petitioners [sic] conviction through malicious, false and unsubstantiated testimony, and unvarifiable evidence"; (5) "Factual Innocence," because "there is no valid determination of the Corpus Delicti in this case"; and (6) the "indictment does not state a crime" because neither "the mens rea nor actus reas is present in the indictment in question." Petition, pp. 6-14.

## II.  DISCUSSION

Petitioner first contends that the Magistrate Judge erred in finding that the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This time limit begins to run at the "conclusion of direct review or the

expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, a "properly filed application for State post-conviction relief" will toll the time for filing, 28 U.S.C. § 2244(d)(2). In this case, the statute of limitations began to run on August 20, 1999, the day Petitioner's first conviction became final. The statute of limitations tolled on June 6, 2000, the day Petitioner filed the first PCR application. At that time, two hundred and eighty-nine (289) days had elapsed. The statute began to run again on March 29, 2006, the day the Court of Appeals dismissed Petitioner's first PCR application.[1] Petitioner then had seventy-six (76) days, or until June 14, 2006, to file a § 2254 petition. Petitioner filed the present petition on February 5, 2007. As the Magistrate Judge found, the petition is untimely under the AEDPA's one-year statute of limitations.[2] Petitioner's objections are without merit.

Petitioner next contends that the Magistrate Judge erred in finding that his claims are procedurally defaulted.[3] Petitioner does not raise any specific objections to the Magistrate Judge's

---

[1] Because Petitioner's second PCR application was untimely, the statute was not tolled during the time that application was pending. See Pace v. Diguglielmo, 544 U.S. 408, 414 (2005) (holding that, when a petition for post conviction relief is untimely under state law, it is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and therefore not subject to equitable tolling).

[2] Petitioner asserts that the one year AEDPA statute of limitations began to run on March 29, 2006, when the Court of Appeals' consideration of his belated direct appeal became final. In Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005), the Fourth Circuit held that the AEDPA limitations period began to run at the conclusion of a prisoner's belated appeal, on the grounds that Maryland law deemed belated appeals to constitute "direct review" rather than collateral attack. Because the holding in Frasch involved the interpretation of Maryland state law, it is not determinative of Petitioner's claims. However, even if the court were to consider Petitioner's § 2254 petition as timely under the statute of limitations, Petitioner's claims still must be dismissed as procedurally barred.

[3] The Magistrate Judge also found in the alternative that the court should grant Respondent's motion for summary judgment because Petitioner's claims are without merit. However, because the

5

finding that Petitioner's claims are procedurally barred from federal habeas review. See Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982) (when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations, the court need not conduct a de novo review). Nevertheless, the court has thoroughly reviewed the record. As the Magistrate Judge properly noted, a § 2254 petitioner is required to exhaust all state court remedies before a federal court may review his claims. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1978))). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911. Habeas petitioners who fail to exhaust all state court remedies may overcome procedural default by showing cause and prejudice or actual innocence. See Smith v. Murray, 477 U.S. 527, 533 (1986) ("[A] federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial. Accordingly, although federal courts must at all times retain the power to look beyond state procedural forfeitures, the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'" (quoting Wainwright v. Sykes, 433 U.S. 72, 84 (1977))).

In this case, Petitioner never properly presented the grounds asserted in his § 2254 petition to the South Carolina Supreme Court for review, nor did he make any attempt to overcome this

---

court finds that Petitioner is procedurally barred from federal habeas relief, the court need not consider the merits of Petitioner's claims.

6

procedural bar by showing cause and prejudice or actual innocence. The court concurs in the Magistrate Judge's conclusion that Petitioner's failure to properly present his claims to the highest state court before seeking habeas relief precludes federal review. Petitioner's objections are without merit.

### III. CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Respondent's motion for summary judgment (Entry 10) is GRANTED and the within petition for writ of habeas corpus is dismissed without prejudice. Petitioner's motion for judgment on the pleadings (Entry 18) is DENIED. Petitioner's other outstanding motions (Entries 15, 16, 25, and 31) are hereby denied as moot.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 31, 2008


**NOTICE OF RIGHT TO APPEAL**
**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**